Good morning. May it please the court, my name is Herman Frank. I am counsel for the plaintiffs and appellants in here. I request two minutes for rebuttal, please. I'd like to begin by assuring this court that this is kind of a weird case. We were never allowed what you might call the regular civil procedure before trial. For some reason, the trial court would not allow us to do any discovery, no subpoenas, no depositions, nothing. Trial court would not hear from our court. Did you request discovery? We did indeed. We filed a request. And But after the briefing on the merits of the issue of why the case was dismissed, right? I would describe it as during. And my request was simply this, that we should be permitted to tell the claim and the theory of our case. We never really had a motion in front of us saying, you know, notice a motion like a normal motion. If you don't provide evidence to support your claim, your claim will be dismissed. Well, a motion to dismiss doesn't always, doesn't usually involve evidence. It is an attack on the legal theory. This one's, this one gets to some factual questions, but I'm not sure what factual questions the evidence or the discovery that you proposed, how that speaks to the factual issue before the court. Here's how I would have, if I may. Here's, here's the offer proof we offer to trial court. My clients are Hmong people who are in a category of advocates for the Hmong people. They're trying to help what's going on and still going on in Laos right now. Basically, the people are being slaughtered there in a very terrible way. Agent Decker of ATF, now ATFE, comes to my clients and says, the U.S. government wants to declare a war against Laos, and we want you guys to help. You know, my, most of my clients have had parents lost fighting for the U.S. military. They were hired by the CIA. So when Agent Decker came there, you know, my clients are like, are you guys finally going to do something against Laos? Because what the Laos government, the communist government has done with the Hmong people is awful. Now, this is. This sounds like a defense to the criminal case, though, and not an explanation for why the criminal case was dismissed. This, the reason this is also an offense in the current action for malicious prosecution, the, the inference, what we would call the reasonable inference from our evidence, is that the U.S. Attorney's Office, Agent Decker knew that there was a scam played on my clients. This is not a mistake. This is not a, gee, I thought you were telling the truth. This was a scam where a government agent lies to a group of Hmong people and says, the U.S. government backs this case. I mean, I appreciate this is not an intrepid defense. What you're basically saying is that they were working, they were thinking they were working as agents of the government. That might very well be the defense. But right now, you're faced with a situation in which the district court, executing essentially a command from this court, suggesting that you needed to look at the malicious prosecution, you needed to find out why there was the dismissal, whether it was consistent with guilt or not, issues an order requiring a response from the government, and then you don't reply. And the question is, I appreciate that you have some issue in regard to the process. This is not exactly summary judgment. I appreciate that. But I guess the first question is, why didn't you reply? What was confusing about the order from the court which suggested to you that you need not reply? What was confusing to me, a couple of things. First of all, the court never said, I'm going to hear from the U.S. Attorney's Office. We're going to receive a, you could easily describe it as a self-serving declaration from one side of the case. And we are going to make a ruling about the merits of the case based on that one side. I can assure this court. It wasn't just one side, was it? Didn't the court set a briefing schedule that had briefing from both sides and said that it would consider declarations and other evidentiary submissions? No, I did not get that at all. I can assure you. My idea was this was more like a discovery device. This court had remanded. When you say you didn't get that, do you mean you actually weren't served with this or do you mean you didn't understand it? I don't think it called for a regular briefing schedule. It was more like the U.S. Attorney needs to respond to this issue and the U.S. Attorney did. We then requested the right to do discovery. But wasn't there a deadline for your response to their submission? Well, our response, I would like to say is, first of all, when the U.S. Attorney submitted that declaration, I could see from it, by the face of it, what they were saying is our case was riddled with a bunch of lies. That was kind of a reasonable inference from it. And we have, of course, alleged more or less that in our complaint. And my concept was let us do discovery, let us treat this as a regular case, and we will show that there is truly facts out there that we have, that the court should see, that were never seen. And we were never given them. But did you get the notice? The notice said the government is to file the brief, no more than ten pages on such and such a date, and then you should respond, you may respond, I think they said you may respond, by such and such a date with a brief no longer than ten pages. Did you not get that notice? Or for some reason did you think that you did not have to respond to the submission that was made by the government? My concept was this. My response is we need to treat this case like a regular case, allow us to do discovery, allow us to do just the regular things you do in a case, allow us to show. So you were going to do what you were going to do and didn't really care about the order issued by the district court? I did not. I mean, the court is going to do something. The court set a schedule, and you've got the idea, well, we're going to do this like a regular case, so I don't care what the court says. Is that your response to it? Well, it was a request. I don't order anybody. I say may we. So I had said may we. But you didn't ask may we within the time period that that order set. Well, we had asked, you know, normally on a summary judgment, which I really think this is kind of like, both sides have a notice of hearing, you get the benefits of that, the full opportunity to conduct discovery, I'm looking at a case I cite here, convertino, it's a common rule, of course. But the court issued an order that set a schedule and said that you had ten days after the defendant's filing to file your response. So when you received that, you could have said, well, wait a second. This is summary judgment. I need time for discovery. But you didn't do that. You waited until after your ten-day deadline and then asked for discovery. Isn't that right? Well, I would look at it this way, though. I just did not see that as a motion for summary judgment. And the reason I didn't, there is no notice of motion. And I can assure this Court that this is done on this is sort of like a mini summary judgment motion. There's no separate statement of undisputed facts. There's one statement from a U.S. attorney. There's no the normal safeguards of a summary judgment just weren't applied here. And the burdens, the burdens shifted. Essentially, it was made clear by the district court that the burdens shifted to the defendant, which was consistent, essentially, with the burdens applied on the summary judgment. And that's why, at least to some extent, the argument that this is sort of subtly transitioned into a summary judgment motion seems to be consistent, doesn't it? Well, what I would submit that happened here is an unnoticed motion for summary judgment was filed sua sponte from the Court without permitting me any discovery whatsoever, without giving me the normal time to respond, without giving the normal due process allowed. And I cite the cases in our brief that say you're not allowed to do that. That's an abuse of discretion. And if the Court didn't, it seems like the Court abused its discretion right there in just doing that procedure. Can I shift the focus, since your time is just short? And that's the favorable termination. The circuit said in its opinion, in this very case, that you have to be the entire action must terminate in the plaintiff's favor. Essentially, as I understand it in the criminal case, a number of counts were dismissed for lack of notice in violation of due process clause, right? They were not dismissed because of innocence. They were dismissed because of a technical due process issue. So if that is the case and those counts were never reinstituted, they were terminated for that particular reason, doesn't that mean that there's no way you can show that all of the counts were favorably disposed of consistent with innocence? Here's the simple response to that, though. These kind of technical issues that you're raising like this escape the basic thing that happened here. These folks came after my clients with a charge that they tried to wage a war in Laos. That was the charge they made. That was the charge Mr. Decker created by coming to them. So that charge was made, was filed. The U.S. attorney couldn't sustain it. Now, they were given leave to amend in the criminal case, so I'm sure if they had other facts, they would have done it. They were unable to basically make out the elements. So essentially what you're suggesting is that you don't look for the real reasons for termination of basically granting the motion to dismiss. You look into some broad concept as to what is the fairness? Is that what you're suggesting? Look at the reasonable inferences from the facts. That's what I'm asking, the reasonable inferences from the facts. Okay. You're out of time, but we'll give you a minute for rebuttal anyway. Thank you. Thanks for the minute. Good morning. May it please the court, I am Assistant United States Attorney Rebecca Falk here on behalf of the United States and Special Agent Stephen Decker. I'd like to address some of the points that you were just speaking with counsel for the plaintiff appellants about. And there was nothing strange about the procedure in the district court. The truth is that this was a routine proceeding. The district court has the authority to request briefing from the parties. And then . . . Well, how routine could it be? I mean, it's on remand from this court to speak to a specific issue. I practiced 25 years before I got to this court. I don't recall being in a situation like this. I don't know that many lawyers will have faced this situation. So how is this a routine matter? I mean . . . So certainly the question that was posed in the Awabdi case was not one that's been answered in the district court. And certainly when this court stated in its remand order that there was a question that had not been addressed and sent it back, there certainly was an unusual question that needed to be addressed. But what is not unusual is for a district court to say there's a question that needs to be answered. The district court specifically stated in the order that it sent out to the parties requesting briefing that there was a question that this court had identified that had not been answered in the motions to dismiss and it had not been answered in the opposition. But there's . . . Obviously, it's transitioned to motion for summary judgment, right, because there's an affidavit that's outside the record. So there's no motion for summary judgment. There's nothing pending in front of the court technically. And so essentially, when the order was issued by the district court judge, it was not a part of any particular hearing pursuant to the federal rules of civil procedure. Doesn't that make it somewhat unusual? I mean, isn't . . . essentially, isn't there a real concern about the process that was followed here? I don't think that there is a concern about the process that was followed, and let me explain why, because I've spent a lot of time thinking about this particular question. So when the district . . . You expected that question. I did expect that question. Really? Yes. So I think that it's very important in order to be able to answer that question to take a look at the full history of the case. And it's a brief history. But basically, what happened was there was . . . originally, there were two motions to dismiss. There was a motion to dismiss the United States that was then followed by . . . and Director Jones of the ATF, that was followed by a motion to dismiss the United States. The district court granted both of those motions and fully dismissed all claims. At that point, this case came to this court for the first time. And this court affirmed the dismissal in its entirety with the exception of the malicious prosecution claims. So at that point, given that counsel . . . I came in at the time of the second motion to dismiss, but otherwise, the counsel has been consistent throughout the case. When the case came here, this court affirmed the dismissals by the district court except for malicious prosecution, stated very clearly in the remand order that the reason for the dismissal was that there had been no burden shifting, that there was no explanation by the defendant for why the underlying criminal prosecution had been dismissed. That was all very clearly stated in the order from this court. It was then remanded to the district court. So the district court . . . you're correct. There was no motion to dismiss pending. There was no motion for summary judgment pending. And what the district court did was it said, the Ninth Circuit identified a question that should be answered at the outset of the case. I would like an answer to that question. But it asked . . . the district court asked for evidence. So didn't the district court essentially ask for summary judgment briefing at this point? No. I don't think the court was asking for summary judgment briefing. I think the court was asking only for an answer to the question of . . . But the court talks about exhibits and declarations. So you don't have that in a motion to dismiss. That's correct. But . . . and I agree that the fact that the court ordered briefing that was submitted by a declaration and exhibit is similar to what a summary judgment briefing would look like. But I think the important point here is that the court had not yet reached the place where it was asking for a motion for summary judgment. It appears that the court was asking for information. It was asking for an explanation from the parties. And perhaps if the plaintiffs had responded within the time that was offered to them, and they certainly had an opportunity to be heard on this point, if they had then submitted their own declaration and their own exhibits and said to the court, there is a dispute of material fact, there should be discovery on this point, there should be a motion for summary judgment . . . How could they have shown that there was a dispute of fact without having had discovery yet? Well, certainly they had an opportunity given by the court, specifically in its order, to submit their own declaration, even calling . . . But isn't the question why the prosecution did something? So how would they know that? Well, maybe they didn't know that, and maybe they would have said that to the court. Maybe they could have said, we don't have enough information to say why the Jack prosecution was dismissed, so we would like some discovery on that point. And there's nothing in the district court's order that said the proceedings will end at the end of this, you know, briefing schedule. All the district court said was, I want an answer to this question. I think it's important to answer the question that was posed by the Ninth Circuit. My sense is that the district court viewed that as a question for it to answer, even though it was factually based. And there are some factual questions on a motion to dismiss. You may have personal jurisdiction factual issues, and the court resolves that. We're now kind of in a no-man's land between this being a motion to dismiss with the court empowered to rule on a factual issue, and your brief argues a clear air standard, so that appears to be the procedure you think applies, or treating it as a summary judgment where if there were disputed facts, it should not be ruled upon by the court, but should go to an ultimate trier of fact. Why is the government's position the former rather than the latter? That is, why is the government not viewing this as a summary judgment and trying to defend the factual determination by the district court on summary judgment terms as opposed to saying clear air standard applies, that this is a decision for the court to make in the first instance? I think that the brief submitted by the government does say that the clear air standard applies to this case, that there was a... And I understand that, but why? Why shouldn't this be a summary judgment? If there's a factual dispute, the ability of the district court to grant summary judgment would depend on the conclusion that no reasonable juror could conclude to the contrary. And that's not what the district court articulated. That's not what the government's asserting in its brief, and I'm wondering why not? If this looks like a summary judgment, has the summary judgment standard been satisfied? And if it isn't a summary judgment, why isn't it a summary judgment? Well, it's not a motion for summary judgment. I think it's unequivocal, it's clear from the docket, it was not a motion for summary judgment. And standing here today, I can't say whether the district court had planned to go to a motion for summary judgment. I think the only thing that's evident from the docket is that the court was asking for an answer to its question. But if it's not a motion for summary judgment, then it's a motion to dismiss still? And if so, how is the district court finding facts and taking evidence? I mean, that can be done if it's a jurisdictional question, but this isn't a jurisdictional question, is it? No, I don't think that this is a jurisdictional question. I think this is a question of whether the plaintiffs were able to sustain their malicious prosecution case and whether they were able to. Initially, it was a question of whether they were able to allege the facts that were necessary to state all the elements. When it came to this court and the court said the burden was not shifted, when it went  to the district court, there was nothing on the docket that says that this was a motion to dismiss, and there's nothing on the docket that says that this was a motion for summary judgment. What's on the docket is a request from the district court that says, I would like an answer to this question, and then the plaintiffs never answered that question. There was no issue of material fact. So it's your position that it really doesn't matter what kind of motion it was just because everything was waived at that point and we don't have to figure out what the posture was? I think it's appropriate to say that the district court is empowered to manage its docket. It's empowered to make decisions that would encourage the efficient resolution of litigation. I think it's Does that mean the district court can actually just, all of a sudden, on the district court's own initiative, dismiss litigation? Which doesn't, I mean, doesn't fall within a motion to dismiss, doesn't fall within summary judgment. It's somewhere in this hybrid world. District court judges have the power to say, I'm just going to dismiss this case? That's not what the court did here. The court didn't just sua sponte, dismiss the case. The court asked the party specifically to answer a question that was pertinent to the litigation. So it's an argument that, in fact, the other side, the plaintiffs, waived their defense to the dismissal because they didn't respond. That's correct. There was a question that the district court posed. There's no indication on the docket exactly what the district court intended to do with that information. We don't know if the district court was going to schedule a hearing or go to summary judgment. It's fair to say that the plaintiffs really didn't know what was happening because within a couple of weeks after the deadline for the filing of a response,  they clearly are not aware of the fact that they're now risking dismissal of the case by not responding. And is there something in regard to the notice which they could reasonably say, this is not fair? No. They can't say that this is not fair. The district court's order was completely clear. The district court said, I would like the parties to answer this question. I'm specifically ordering the defendants to respond. Plaintiffs may respond. Plaintiffs may respond with up to 10 pages of briefing, including declarations and exhibits. Plaintiffs simply declined to do so. When a district court issues an order and asks parties for briefing, parties generally respond by the deadline to the extent a party simply chooses not to respond at all, to completely disregard an order, to not even mention it in subsequent filings, to not object, to not take issue with what the other side filed, certainly a party could expect that there might be some consequences. So there was plenty of notice in the order that the court was considering a question, and it seems to simply follow that if a court asks for briefing on an issue, that it may issue a ruling after the deadlines have passed for the parties to submit their information. There wasn't an indication in the order of whether the court was going to consider this to be a motion to dismiss or a motion for summary judgment or an invitation to set up limited discovery or to go possibly to a limited motion for summary judgment or a limited trial. But the point is that the plaintiffs simply declined to respond. So to the extent they saw that process as unfair. Kagan. Roberts. You're over your time. Oh, thank you. Thank you very much. I'll try not to talk real fast for my minute, but I can assure this Court I had no idea, Your Honor, that the consequence of doing nothing in that might be like a summary judgment motion. I looked at it like this. Okay. The U.S. attorney has officially submitted their statement in response to the court. Well, what can I do with that? That's what the U.S. attorney says is why they did it. You could respond by saying this is my basis for opposition or I need more time to gather information or something. Or a request for discovery. This is how I dealt with it, and maybe this was not the right way to do it. But first of all, my complaint is a response, and this is in that no-man's-land of a 12b-6 and a Rule 56. But you'll note the Court ends its decision, the dismissal is without leave to amend. That's page 4 of the trial court's decision. And that makes it sound very much like a 12b-6. And one question I would have procedurally, if there's a 12b-6 that's. But at the time you got this briefing order that told you you had 10 days to respond, you didn't know what the district court was going to say once you didn't respond. You got this order that said you have 10 days to respond and you didn't. I just really didn't understand my response. So why didn't you file something saying I don't understand what's happening? Well, what I thought was my complaint is a response. Your complaint that started the original malicious prosecution? Yes. That is a response. Even though the court ordered you to file something and you didn't file anything new or. It's sort of like, I want to make an analogy. It's like in an employment case where the boss says, here's why I fired this person. And that person claims there are other reasons. It's a pretext. Are we just going to accept what the U.S. attorney says? That's it? That's the end of it? I just could not imagine that that would be the way. I just, there's just no way. I've never had anything like this happen to me. I'm 59. I've been doing trials a long time. Nobody's ever done this to me. We're just going to accept what one side says and that's the end of it. I thought that was really, that's where I think we have a proper appeal here. Thank you. Thank you, counsel. The case is submitted.
judges: Clifton, Friedland, Sessions